**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Hanna,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Olivia O. Hans; Warnock, MacKinlay & Carman,<br><br>　　　　Defendants. | No. 10-CV-8170-PCT-GMS<br><br>**ORDER** |

　　　　Pending before the Court are Defendant Warnock, MacKinlay & Carman's ("Warnock") Motion to Dismiss (Doc. 3) and Defendant Olivia O. Hans' Motion to Dismiss (Doc. 8). For the reasons set forth below, the Court grants both Defendants' motions.

**BACKGROUND**

　　　　This case arises from a criminal case in which Plaintiff Robert Hanna physically assaulted Defendant Olivia O. Hans, and a civil case in which Defendant Warnock represented Hans in her claim against Plaintiff's mother's homeowner's insurance company. (Doc. 1, 3). Plaintiff generally asserts that Defendant Hans lied to police investigators leading to his arrest and subsequent jail term, and unduly benefitted from an insurance settlement. (Doc. 1). Plaintiff seeks relief in the amount of $675,000 from Defendant Hans, the alleged amount of Hans' insurance settlement, and $2.5 million from Defendant Warnock for wrongfully pursuing a case against him and for "[taking] away [his] legal rights" by

1 talking him into signing a "Damron Agreement" which transferred to Hans his right to pursue
2 litigation against his mother's homeowner's insurance company. (Doc. 1, 10).

3 Plaintiff filed suit in the District Court of Arizona on September 9, 2010. (Doc. 1).
4 Defendants Warnock and Hans each filed separate Motions to Dismiss, arguing that the
5 Court lacks subject matter jurisdiction, and that Plaintiff's Complaint fails to state a claim
6 upon which relief can be granted. (Doc. 3, 8).

## DISCUSSION

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, the Court presumes lack of jurisdiction until Plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* FED. R. CIV. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

District courts have original jurisdiction of all civil actions between "citizens of different States" where the $75,000 amount in controversy requirement is met. 28 U.S.C. § 1332(a) (2005). For diversity jurisdiction to exist, there must be "complete diversity" of citizenship between the two sides of the litigation. *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 704 (1972). Here, Plaintiff asserts jurisdiction in this Court on the assumed basis of diversity of citizenship, as he indicates no federal question at issue. (Doc. 1).[1] Plaintiff

---

[1] Plaintiff, a citizen of Prescott Valley, Arizona, asserts his belief that the existence of Defendant Warnock's law office in Phoenix confers jurisdiction upon this Court. (Doc. 10).

- 2 -

does so on the mistaken belief that diversity exists between citizens of Arizona[2] who happen to reside in different regions of that State. (Doc. 6). Because Plaintiff has not proven that jurisdiction exists in this Court, both Defendants' Motions to Dismiss must be granted.

**IT IS THEREFORE ORDERED** that**:**

1. Defendant Warnock, MacKinlay & Carman's Motion to Dismiss (Doc. 3) is **GRANTED**.

2. Defendant Olivia O. Hans' Motion to Dismiss (Doc. 8) is **GRANTED**.

3. The Clerk of the Court is directed to **TERMINATE** this action.

DATED this 10th day of February, 2011.

_____
G. Murray Snow
United States District Judge

---

[2] Plaintiff does not dispute that both Defendants are citizens of Arizona.